No. 10057. STATE OF MONTANA ex rel. GLENN FRANCE, RELATOR, v. DISTRICT COURT OF THE FOURTEENTH JUDICIAL DISTRICT of the STATE OF MONTANA, in and for the COUNTY OF WHEATLAND; and the HONORABLE F. V. WATTS, a Judge Thereof, RESPONDENTS.

340 Pac. (2d) 166.

Decided June 15, 1959.

*John J. Cavan, Jr.*, Billings, for Appellant.

Per Curiam.

Petition for Writ of Prohibition. The application for the Writ herein is denied and the proceeding dismissed.

MR. JUSTICE BOTTOMLY:

In my opinion the Writ of Prohibition should be issued.

According to the record before us, there was no definite information, at the time of the arrest and search, in the knowledge of any of the law enforcement officers that justifies the arrest and search.

As Chief Justice Brantly aptly put it in State ex rel. Samlin v. District Court, 59 Mont. 600, 609, 198 Pac. 362, 365, when construing section 7 of Article III of the Constitution of Montana said: "Since it was intended to take away from the Legislature the power to authorize an invasion of the rights of the citizen by a search of his home or a seizure of his person or property in any other case than it permits, it is to be strictly construed in his favor." See cases therein cited. Suspicion itself is no ground for the warrant. There must be probable cause supported by facts and by oath or affirmation.

The protection granted by section 7 of Article III, of our State Constitution, against unlawful searches and seizures, provides: "The people shall be secure in their persons, papers, homes, and effects, from unreasonable searches and seizures, and no warrant to search any place or seize any person or thing shall issue without describing the place to be searched, or the person or thing to be seized, nor without probable cause, supported by oath or affirmation, reduced to writing."

This protection covers each person, whether charged with crime or not and the duty and obligation of giving it effect rests upon the courts as well as upon all entrusted with the enforcement and administration of the law and justice. See State ex rel. King v. District Court, 70 Mont. 191, 195, 224 Pac. 862.